STATE of Minnesota, Respondent,

v.

Archie D. JOHNSON, Appellant.

No. C3-85-1923.

Court of Appeals of Minnesota.

June 17, 1986.

Hubert H. Humphrey, III, Atty. Gen., Larry Collins, Waseca County Atty., Paul M. Dressler, Asst. Waseca County Atty., Waseca, for respondent.

John H. McLoone, IV, Waseca, for appellant.

Considered and decided by NIERENGARTEN, P.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Archie D. Johnson appeals his conviction for trespass on agricultural land, Minn.Stat. § 100.273, subd. 2 (1984), chal- lenging the sufficiency of the evidence. We affirm.

## FACTS

In the morning of November 11, 1984, a deer was crossing a field on property owned by Rollie Norton in Waseca County. A red pickup truck drove south on County Road 10 and stopped. The driver, later identified as Johnson, got out and followed the deer. Johnson shot and killed the deer, which fell on the plowed cropland of Norton, about 30 feet from the edge of the roadside ditch. It was unclear from the record whether Johnson was on Norton's property when he fired the shots or whether he was just off the edge of the roadway. In any event, Johnson dressed the deer in the field and then left in his truck. He came back approximately one to two hours later and picked up the deer. He did not have permission to hunt on Norton's land.

Following investigation by the game warden the next day, Johnson was charged with taking two deer by firearm, taking big game from a right-of-way, and trespass on agricultural land. At the close of the court trial, the trial court dismissed the first two counts and found Johnson guilty of trespass on agricultural land.

## ISSUE

Was the evidence sufficient to convict appellant of trespass?

## ANALYSIS

Trial court findings are entitled to the same weight as a jury verdict. *State v. Gardin,* 251 Minn. 157, 86 N.W.2d 711, 715 (1957). On review, if the court could reasonably have found the defendant guilty, that finding should not be reversed. *State v. Thurmer,* 348 N.W.2d 776, 778 (Minn.Ct. App.1984).

Johnson was found to have violated Minn.Stat. § 100.273, subd. 2 which reads:

No person shall enter upon the agricultural lands of another with the intent of hunting big or small game * * * un-

less and until the permission of the owner, occupant, or lessee is obtained.

The evidence showed that Johnson stopped his truck, stood near the edge of the road and shot and killed the deer which was in Norton's field. Johnson went into the field and dressed the deer. He then left and came back later to pick up the deer. He did not have permission to do so and admitted this at trial.

Hunting is defined in Minn.Stat. § 97.40, subd. 31 (1984), as

> pursuing, shooting, killing, capturing, and trapping * * * and all other lesser acts, such as disturbing, harrying, or worrying or placing, setting, drawing, or using any device commonly used to take birds or quadrupeds; * * *.

Even assuming Johnson was not actually standing on Norton's land when he fired at the deer, he intended to hunt on Norton's land when he shot and killed the deer. That same intent still existed when Johnson entered Norton's land to complete the act.

On appeal, Johnson claims the trial court should have found that he properly entered Norton's field to retrieve a wounded deer. Minn.Stat. § 100.273, subd. 7 (1984); *State v. Corbin*, 343 N.W.2d 874 (Minn.Ct.App. 1984). Under Minn.Stat. § 100.273, subd. 7,

> a hunter may on foot retrieve a wounded big or small game animal from agricultural land of another which is not posted pursuant to subdivision 6, without permission of the landowner, and shall then leave as soon as possible.

In this case, Johnson did not testify that he entered Norton's land to retrieve a wounded animal. He entered the land not to put a wounded animal out of its suffering, but to dress and transport a deer he had already killed on Norton's land. As such, he cannot take advantage of this statute to justify his actions. Further, agricultural land is generally given a more protected status under the trespass statute. *Corbin*, 343 N.W.2d at 876. We doubt whether the statute permits a hunter to stop and shoot and kill a deer on another's agricultural land and then claim retrieval of a wounded animal to justify the trespass. The evidence was sufficient to find appellant guilty of trespass on agricultural land in violation of Minn.Stat. § 100.273, subd. 2.

### DECISION

The evidence was sufficient to convict appellant of trespass on agricultural land.

Affirmed.